IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH DANIEL PALMER, #224480<br>    Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. JKB-15-2388 |
| FORMER GOVERNOR O'MALLEY, et al.<br>    Defendants. | * | |
| | ***** | |

## **MEMORANDUM**

On August 10, 2015, plaintiff Kenneth Daniel Palmer, who is currently confined at the Eastern Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action for compensatory and punitive damages of $250,000.00. ECF No. 1. This represents the ninth civil action filed by Palmer in this court since April of 2015, with three of the cases on the active docket.[1] He names the former Governor of Maryland as defendant and claims that he was falsely arrested and imprisoned from November 21, 2012, to February 7, 2013, for an "alleged mandatory parole violation." Palmer asserts that his arrest was unlawful because alleged parole violations were based on fictitious theft and assault charges and "minor technical parole stipulation violations." He alleges that a parole violation is only "valid" for limited reasons and his arrest on such parole violations violates "proper protocol," as he should have been summoned to a parole revocation review, not arrested and confined.

Palmer claims that defendant is liable because the former Governor has authority "to oversee

---

[1] In addition to the instant case, since April 10, 2015, Palmer has filed the following cases: *Palmer v. The Maryland Parole Com'n*, Civil Action No. JKB-15-1068 (D. Md.); *Palmer v. Risko*, Civil Action No. JKB-15-1549 (D. Md.); *Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.); *Palmer v. Maryland Pariole Com'n*, Civil Action No. JKB-15-1668 (D. Md.); *Palmer v. Pate*, Civil Action No. JKB-15-1669 (D. Md.); *Palmer v. Fisher*, Civil Action No. JKB-15-1964 (D. Md.); *Palmer v. Crowder, et al.*, Civil Action No. JKB-15-2050 (D. Md.); and *Palmer v. Hogan, et al.*, Civil Action No. JKB-15-2113 (D. Md.).

that the integrity of the state correctional institutions is upheld." ECF No. 1. Palmer seeks to hold former Governor O'Malley liable in his role of supervisor. *Id*. He maintains that the ten-week period he was confined is tantamount to "kidnapping" and "robbed him of an era of [his] life span of his constitutional right to be free from any such physical bondage…" *Id*. Palmer has filed a motion for leave to proceed in forma pauperis which shall be granted. His complaint against former Governor O'Malley, shall, however, be dismissed for the failure to state a claim.

Palmer provides no particulars regarding his parole violation charge(s). His civil rights claim for damages, which raises challenges to the constitutionality of his incarceration, is not appropriate unless and until his revocation charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His allegation is barred by the rule announced in *Heck*, as a judgment in Palmer's favor would necessarily imply the invalidity of his criminal detention. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Therefore, in the absence of specific background information regarding Palmer's parole violation charges, a complaint for damages is barred under the rule of *Heck*.

In order to state a viable claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Palmer has failed to allege how former Governor Martin O'Malley, the only named defendant, personally participated in violating his rights under the law. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Further, in the

2

absence of subjective knowledge, a prison official is not liable.  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

Insofar as Palmer intends to hold O'Malley liable under a theory of *respondeat superior*, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).  Palmer furnishes no grounds for supervisory liability.

For the aforementioned reasons, Palmer's motion for leave to proceed in forma pauperis is granted.  The complaint shall, however, be dismissed without prejudice.


Date: August 19, 2015                                  _____/s/_____
                                                                          James K. Bredar
                                                                          United States District Judge